**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3837-21

MAUREEN WIDOFSKY and
STUART WIDOFSKY, her
husband,

      Plaintiffs-Appellants/
      Cross-Respondents,

v.

NEW BRUNSWICK PARKING
AUTHORITY,

      Defendant-Respondent/
      Cross-Appellant.

_____

> Argued January 23, 2024 – Decided March 11, 2024
>
> Before Judges Haas and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4607-20.
>
> Larry S. Loigman argued the cause for appellants/cross-respondents.
>
> Nicole M. Grzeskowiak argued the cause for respondent/cross-appellant (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Nicole M.

Grzeskowiak, of counsel and on the briefs; Christy Leigh Cushing, on the briefs).

PER CURIAM

Plaintiffs Maureen Widofsky and Stuart Widofsky appeal a July 22, 2022 order granting summary judgment to defendant New Brunswick Parking Authority. Defendant cross-appeals a March 4, 2022 order granting plaintiffs' motion to bar the report and testimony of its expert, Reginald Piggee, R.A., and the related April 14, 2022 order denying reconsideration. Because the court improperly granted summary judgment prior to ruling on the parties' outstanding motions to bar various evidence, we vacate the court's summary judgment order and remand for further proceedings consistent with this opinion. We discern no abuse of discretion, however, with respect to the court's order striking defendant's expert based on the record before us, and accordingly affirm the March 4, 2022 order and the April 14, 2022 order denying reconsideration.

We begin by reviewing the facts in the summary judgment record, viewing them in the light most favorable to plaintiffs as the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Plaintiff[1] alleges that on July 18, 2019, she walked into an "unmarked, clear glass wall" in the Plum

___

[1] Because Stuart Widofsky asserts only a per quod claim, our reference to plaintiff in the singular refers to Maureen Widofsky.

Street Parking Garage ("Parking Garage") owned and operated by defendant, which she avers caused her to "fall backward and hit her head on the garage floor." Plaintiff claimed defendant was negligent in designing, constructing and maintaining the Parking Garage. In its answer, defendant denied liability and asserted various defenses, including immunity under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12-3.

Discovery closed on June 20, 2021. In October 2021, defendant moved to reopen and extend discovery based on the parties' ongoing exchange of paper discovery and the difficulty of obtaining archived records related to the Parking Garage's design and construction in light of the COVID-19 pandemic. The court denied defendant's motion and a subsequent motion to reconsider.

Despite the court's order, defendant nevertheless continued to amend its interrogatory responses and produce additional supporting documents without seeking leave of court. On February 7, 2022, defendant's counsel sent plaintiffs' counsel a letter enclosing the Piggee report, styled as an affidavit, as an amendment to its interrogatory responses.

Plaintiffs moved to bar Piggee's report, arguing the amendment "was not accompanied by a certification of due diligence, or any explanation as to its untimeliness" as required under Rule 4:17-7. On February 24, 2022, defendant

3

again amended its interrogatory responses and produced the architectural design plans for the Parking Garage. In the accompanying cover letter, its counsel also certified, without further explanation, "that the information contained in this amendment and the previously-served affidavit were not reasonably available or discoverable by the exercise of due diligence prior to twenty (20) days of the discovery end date."

The court granted plaintiffs' motion and barred "the report and testimony of Reginald Piggee, R.A.," noting Rule 4:17-7 "requires the granting of this motion" because "in the absence of . . . [the required] certification [of due diligence], the late amendment shall be disregarded by the court." Defendant sought reconsideration, which the court denied because defendant had failed to explain "why this report was not reasonably available by the exercise of due diligence twenty days prior to the discovery end date." We denied defendant's motion for leave to appeal, noting "[t]he interests of justice d[id] not require interlocutory review of this discovery issue."

Defendant thereafter moved for summary judgment, arguing plaintiffs failed to prove a prima facie negligence case and it was otherwise entitled to immunity under the TCA, including plan and design immunity, N.J.S.A. 59:4-6, and discretionary immunity, N.J.S.A. 59:2-3(a). In support of its motion,

4

defendant provided, among other evidence, its meeting minutes with respect to the planning and construction of the Parking Garage. The parties dispute whether the meeting minutes were previously produced in discovery.

While the summary judgment motion was pending, defendant moved to bar the report of plaintiffs' liability expert, Robert S. Bertman, P.E., CSP, arguing he provided an impermissible net opinion. It also amended its interrogatory responses again on July 18, 2022 to name additional witnesses and include additional architectural plans and documents identified only by Bates numbers.[2] Plaintiffs moved to bar as untimely the documents and witnesses identified in the July 18, 2022 amendment.

On July 22, 2022, the court granted defendant's summary judgment motion without the benefit of oral argument and dismissed plaintiffs' claims with prejudice. In its attached statement of reasons, the court summarily stated, "[n]otwithstanding the alleged discovery violations," defendant was "entitled to immunity as a matter of law pursuant to N.J.S.A. 59:4-6." That statutory provision provides immunity under the TCA from liability for injuries "caused by the plan or design of public property" where the plan or design was "approved

---

[2] Except for the additional architectural plans, the record before us does not contain any documents bearing the identified Bates numbers.

in advance" by "the governing body of a public entity." The court explained "the plan and design of the wall in question '[was] approved in advance of the construction . . . by the governing authority'—i.e., [defendant]." Subsequently, in separate orders dated July 22, 2022 and August 5, 2022, the court "dismissed as moot" plaintiffs' motion to bar the witnesses and documents identified in the July 18, 2022 amendment, and defendant's motion to strike plaintiffs' expert, in light of its summary judgment ruling. This appeal and cross-appeal followed.

We first address the different standards of review guiding our analysis with respect to the orders on appeal. "We review decisions granting summary judgment de novo," C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305 (2023), applying the same standard as the trial court, Townsend v. Pierre, 221 N.J. 36, 59 (2015). Like the motion judge, we "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." C.V., 255 N.J. at 305 (quoting Samolyk v. Berthe, 251 N.J. 73, 78 (2022)). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact' and the moving party is entitled to judgment 'as a matter of law.'" Ibid. (quoting R. 4:46-2(c)).

A-3837-21

We "defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law."  Est. of Lasiw by Lasiw v. Pereira, 475 N.J. Super. 378, 392 (App. Div. 2023) (quoting Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017)). We also apply the abuse of discretion standard when reviewing an order denying reconsideration. Gold Tree Spa, Inc. v. PD Nail Corp., 475 N.J. Super. 240, 245 (App. Div. 2023).  A trial court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Est. of Kotsovska by Kotsovska v. Liebman, 221 N.J. 568, 588 (2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Before us, plaintiffs argue the court erred by granting summary judgment based on "documents which were not provided in discovery," including the architectural plans and meeting minutes.  Defendant responds the evidence it presented was produced to plaintiffs, and contends the meeting minutes are matters of public record which the court may fairly consider.

"When 'a trial court is "confronted with an evidence determination precedent to ruling on a summary judgment motion," it "squarely must address the evidence decision first."'"  Schwartz v. Menas, 251 N.J. 556, 569 (2022)

(quoting Townsend, 221 N.J. at 53). "It is only after the trial court has made the findings required to either admit or exclude the proffered evidence and has made a ruling thereon that it may proceed to determine the then-pending summary judgment." Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 385 (2010). "Inadmissible evidence may not be used to affect the outcome of a summary judgment motion." Randall v. State, 277 N.J. Super. 192, 198 (App. Div. 1994).

We are convinced the court erred by resolving defendant's summary judgment motion prior to addressing both parties' outstanding motions. See Schwartz, 251 N.J. at 569. To determine "whether the competent evidential materials presented, when viewed in the light most favorable to [plaintiffs], [we]re sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of [plaintiffs]," Brill, 142 N.J. at 540 (emphasis supplied), the court was required to first determine which evidential materials it could appropriately consider. Based on the record before us, we cannot discern whether the court's decision improperly relied upon potentially inadmissible evidence.

In its cross-appeal, defendant argues the court abused its discretion in granting plaintiffs' motion to bar its expert because the court ignored its

8

certificate of due diligence and the delayed disclosure was "caused by legitimate problems in obtaining dated discovery in the midst of the COVID-19 pandemic." Plaintiffs request we affirm, contending defendant did not "offer an adequate explanation for the late submission."

Under Rule 4:17-7, amendments to interrogatory responses "shall be served not later than [twenty] days prior to the end of the discovery period" and "may be allowed thereafter only if the party seeking to amend certifies therein that the information requiring the amendment was not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date." Absent a certification of due diligence, "the late amendment shall be disregarded by the court and adverse parties." R. 4:17-7. A valid certification of due diligence must provide a "precise explanation that details the cause of delay and what actions were taken during the elapsed time." Bender v. Adelson, 187 N.J. 411, 429 (2006).

We are satisfied the court did not abuse its discretion by excluding defendant's expert report and testimony based on the record before it as its order was not "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Est. of Kotsovska, 221 N.J. at 588 (quoting Flagg, 171 N.J. at 571). Not only did defendant produce

the Piggee report approximately eight months after the close of discovery, and two months after the court declined to reconsider its order denying defendant's motion to reopen discovery, but the record reflects defendant did not include the required certification of due diligence contemporaneously with its production. Further, defendant's subsequent letter was not a certification, nor did it provide a "precise explanation that details the cause of delay and what actions were taken during the elapsed time" as required by Bender, 187 N.J. at 429. Because the court properly barred defendant's expert after considering the record before it at the time, we also conclude the court did not err in declining to reconsider its order. See R. 4:42-2(b) (providing reconsideration of an interlocutory order is within "the sound discretion of the court in the interest of justice").

For the reasons detailed, we vacate the court's grant of summary judgment to defendant, affirm the order barring defendant's expert and the associated order denying reconsideration, and remand for further proceedings. On remand, the court should first address defendant's motion to bar plaintiffs' expert and plaintiffs' motion to bar the witnesses and documents identified in defendant's July 18, 2022 amendment. We express no opinion as to the appropriate relief and leave it to the court's discretion in that regard. It may decide to grant or deny the applications or grant some other relief, including reopening discovery

to permit the parties to address the disputed discovery. In the event the court reopens discovery, the considerations and bases underlying its order barring defendant's expert under Rule 4:17-7 will clearly have changed. The parties may seek, and the court should feel free to reconsider, its order striking defendant's expert in light of those possible changed circumstances and the interest of justice. See R. 4:42-2(b). Again, we leave the resolution of the discovery motions to the court's considerable discretion.

Further, following the resolution of these outstanding discovery matters, defendant may renew its summary judgment motion as appropriate. The court should conduct oral argument when requested on any motion which is appealable as of right. See R. 1:6-2(d) (providing request for oral argument on motions not involving pretrial discovery or scheduling "shall be granted as of right"). We offer no opinion on the merits of defendant's summary judgment motion or whether defendant should ultimately prevail on the issues, and nothing in this opinion should be construed as an expression of such. We also note the court did not address the alternative grounds for summary judgment, including but not limited to discretionary immunity under N.J.S.A. 59:2-3(a), raised by defendant. Nothing in this opinion should be interpreted as a limitation on the

parties' abilities to address those arguments, or any other supported by the facts and law, in the context of any renewed motion.

Affirmed in part, vacated in part, and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3837-21